UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADONIS BETANCES,

                    Plaintiff,

          -against-

CITY COMMISSIONER OF NYC
CORRECTIONS; DEPUTY COMMISONER
WARDEN; OFFICER OF CORRECTIONS ON
DUTY DURING INCIDENT; SUPERVISORS,
POLICY CREATORS, DESIGNERS OF CARE
& CUSTODY CONTROL, PROTECTION OF
DETAINEES; MEMBERS OF NYC HH
MEDICAL TEAM,

                    Defendants.

24-CV-2596 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is detained at the North Infirmary Command (NIC) on Rikers

Island, brings this action *pro se*. He asserts claims, under 42 U.S.C. § 1983, based on allegations

that he was injured on March 20, 2024, when he slipped and fell in the shower. By order dated

April 8, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without

prepayment of fees.[1]

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's in forma

pauperis complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following allegations are drawn from the complaint.[2] Plaintiff is a pretrial detainee

housed in the NIC on Rikers Island. The showers in the 6 south area of the NIC often were

clogged and did not drain; as a result, as much as one-half to one inch of standing water would

remain in the shower after washing. After months of taking showers with a clogged drain, on

March 20, 2024, Plaintiff slipped in the standing water that remained after his shower. (ECF 1 at

4.) Plaintiff's head hit the wall, and he "blacked out." (*Id.*)

Eventually, an officer woke him up and called medical personnel. Plaintiff remained

lying in the water, however, for approximately 45 minutes. Finally, three officers lifted Plaintiff

into a wheelchair and took him to the medical clinic. Because Plaintiff was not secured in the

wheelchair, however, he fell out of the wheelchair and was left lying on the floor of the clinic.

At the medical clinic, Plaintiff "was not given pain killers, . . . outside medical

[assistance], X-ray[s], or MRI." (*Id.*) He was "cleared" and sent back to his housing unit even

though he had a "laceration to the elbow." (*Id.* at 5.) On March 22, 2024, Plaintiff returned to the

medical clinic and stated that he "was having a problem closing his wrist." (*Id.*) The remaining

allegations in the complaint are largely illegible, and it is unclear what relief he seeks.

**DISCUSSION**

**A.    Deliberate indifference**

Plaintiff was a pretrial detainee during the events giving rise to his claims. A pretrial

detainee's claim of deliberate indifference arises under the Due Process Clause of the Fourteenth

Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d

---

[2] Plaintiff's complaint is typed but, in some parts of the complaint, the ink is so light that
the words are nearly or completely illegible.

17, 29, 33 n.9 (2d Cir. 2017). To state such a claim, a plaintiff must satisfy two elements: (1) an

"objective" element, which requires a showing that the challenged conditions are sufficiently

serious, and (2) a "mental" element, which requires a showing that defendant acted with at least

deliberate indifference to those conditions. *Darnell*, 849 F.3d at 29, 33 n.9.

To satisfy the objective element, a plaintiff must plead facts that "show that the

conditions, either alone or in combination, pose an unreasonable risk of serious damage to his

health" or safety. *Id.* at 30 (internal quotation marks and citations omitted). To satisfy the mental

element, a pretrial detainee must allege facts showing that a jail official "acted intentionally to

impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk

that the condition posed to the pretrial detainee even though the defendant-official knew, or

should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

Negligence is not a basis for a Section 1983 claim for a constitutional violation. *See Daniels v.*

*Williams*, 474 U.S. 327, 335-36 (1986); *Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a

violation of due process requires proof of a *mens rea* greater than mere negligence.").

**1.     Clogged shower drain**

Plaintiff asserts that Defendants were deliberately indifferent to a serious risk of harm to

him from the clogged shower drain, which allowed water to pool. He argues that Defendants

should have provided shower mats. (ECF 1 at 4.) Courts in this Circuit have routinely held that

"allegations of wet floor conditions that cause a prisoner to slip and fall, standing alone, do not

satisfy the first prong of a conditions of confinement claim." *Luckey v. Jonas*, No. 18-CV-8103

(AT) (KNF), 2019 WL 4194297, at *3 (S.D.N.Y. Sept. 4, 2019) (quoting *Lopez v. Phipps*, No.

18-CV-3605, 2019 WL 2504097, at *8 (E.D.N.Y. June 17, 2019) (collecting cases)). *See also*

*Strange v. Westchester Cnty. Dep't of Corr.*, No. 17-CV-9968, 2018 WL 3910829, at *3

(S.D.N.Y. Aug. 14, 2018) ("District courts in this Circuit have repeatedly held that, standing

alone, a claim that a prisoner fell on a slippery floor and injured himself fails to satisfy the first

prong of a conditions-of-confinement claim."); *Graham v. Poole*, 476 F. Supp. 2d 257, 260

(W.D.N.Y. 2007) ("Although plaintiff alleges that defendants were aware of the dangerous

condition of the shower floor and failed to rectify it, that amounts to nothing more than

negligence.").[3]

Plaintiff's allegations of standing water in the shower are insufficient to allege that he

was subjected to conditions in the NIC that "posed an excessive risk to health or safety."

*Darnell*, 849 F.3d at 35. These allegations, which do not allege facts beyond negligence, are

insufficient to suggest that he was subjected to an objectively serious risk, in violation of his

constitutional rights. The Court therefore dismisses Plaintiff's Section 1983 claim based on

allegations that Defendants' disregarded the clogged shower, because such allegations of

negligence are an insufficient basis for a constitutional claim.

### 2.      Medical claims

Plaintiff could be understood as asserting a number of potential medical claims: (1) that

he waited for 45 minutes in the shower area before receiving medical treatment; (2) that he was

left on the floor of the medical clinic for some period after slipping out of the wheelchair; (3) that

a cut on his arm went untreated; and (4) that he received no treatment, or inadequate treatment,

for an injury to his wrist. (ECF 1 at 4-5.) These claims suffer from two main deficiencies.

---

[3] Courts have also rejected the argument that shower mats are constitutionally required. *See*, *e.g.*, *Hawkins v. Nassau Cnty. Corr. Fac.* 781 F. Supp. 2d 107, 113 (E.D.N.Y. 2011) ("[T]he lack of a shower mat and/or water on the floor in the jail does not rise to the level of a constitutional violation and, thus, is not actionable under Section 1983."); *Adams v. Perez*, No. 08-CV-4834 (BSJ) (MHD), 2009 WL 513036, at *3 (S.D.N.Y. Feb. 27, 2009) (holding that defendants' failure, even after plaintiff had filed a grievance, to equip prison showers with rubber mats was not "sufficiently serious"); *Davis v. Reilly*, 324 F. Supp. 2d 361, 367 (E.D.N.Y. 2004) ("[F]ailure to provide shower mats does not rise to the level of a constitutional violation within the meaning of Section 1983 and, thus is not actionable.").

First, it is unclear against whom Plaintiff's claim for deliberate indifference to his serious medical needs are asserted. Plaintiff names as defendants unidentified "members of NYC HH Medical Team" (ECF 1 at 1), but he has not supplied sufficient information to permit identification of such defendants. Based on the facts alleged, the Court cannot determine if Plaintiff intends to bring claims against some nurse or doctor who examined him, someone else who made a decision about what treatment he would receive, or someone present at the medical clinic who was aware that he had fallen from his wheelchair and failed to take any action. Second, even assuming that the alleged medical issues are objectively serious, Plaintiff does not allege facts that could give rise to an inference that a particular individual knew or should have known of a risk of harm to Plaintiff and disregarded that risk.[4] It is unclear what individual or individuals were personally involved in the alleged incidents. Plaintiff's allegations are therefore insufficient to state a claim that any defendant was deliberately indifferent to his serious medical needs. The Court therefore dismisses Plaintiff's Section 1983 claims for deliberate indifference to his serious medical needs and for a risk of harm to him from the clogged shower for failure to state a claim on which relief can be granted.[5]

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to

---

[4] As noted, not all of Plaintiff's allegations are legible.

[5] Nothing in this order prevents Plaintiff from bringing an action based on negligence or other state law in an appropriate forum.

allege additional facts to state a valid claim under Section 1983, the Court grants Plaintiff 60

days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims.

First, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those

individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does

not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe"

in both the caption and the body of the amended complaint. For example, a defendant may be

identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional

Facility, during the 7-3 p.m. shift."[6]

In the "Statement of Claim" section of the amended complaint form, Plaintiff must

provide a short and plain statement of the relevant facts supporting each claim against each

defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff

should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information

should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

---

[6] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff is responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief. Plaintiff's amended complaint will completely replace, not supplement, the original complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-2596 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff does not file an amended complaint within the time allowed, or seek an extension of time to do so, the Court will dismiss Plaintiff's Section 1983 claims for failure to state a claim on which relief can be granted and decline supplemental jurisdiction of Plaintiff's state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 29, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.      LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                                  State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

_____
First Name                Last Name                Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                State                Zip Code

Defendant 2:

_____
First Name                Last Name                Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                State                Zip Code

Defendant 3:

_____
First Name                Last Name                Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                State                Zip Code

Defendant 4:

_____
First Name                Last Name                Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                State                Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6